In the Matter of the MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Petitioner, v. NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, January 13, 1972.

*Willkie, Farr & Gallagher* (*Thomas N. Tarleau, Charles I. Kingson, Chester J. Straub* and *Leonard Schneidman* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Robert W. Bush* and *Ruth Kessler Toch* of counsel), for respondent.

STALEY, JR., J. Proceeding under article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which (1) denied petitioner's application for refund of additional franchise tax assessments, and (2) sustained the additional franchise tax assessments imposed under section 187 of the Tax Law.

The additional franchise taxes assessed against petitioner under section 187 of the Tax Law were for the quarterly period ending March 31, 1963 and for all quarterly periods thereafter through the period ending March 31, 1966. The proceeding for review before the State Tax Commission was in the nature of a submission of controversy upon an agreed stipulation of facts.

Petitioner is a domestic corporation engaged in the insurance business, including life insurance, annuities and accident and health insurance. In 1946 petitioner adopted a plan designated '' Security Plan for Employees of the Mutual Life Insurance Company of New York '', which provided for its employees benefits payable upon death, illness and disability, and reimbursement for family medical expenses. A similar plan was adopted in 1958 for petitioner's field underwriters. The plan is in the nature of self-insurance with the costs for providing the benefits primarily borne by petitioner with the balance of the costs provided by contributions made by the employees and field underwriters. Petitioner allocates the costs of providing such benefits on a nonprofit basis by not making any provisions for general surplus with respect to such benefits. That part of the costs borne by petitioner is provided out of premiums and other income received from its entire insurance operations. Although the benefit plans were not approved by the Superintendent of Insurance as insurance policies, such plans '' do, however, involve contractual obligations on the part of Mutual of New York of such a nature that they constitute an insurance contract ''.

Prior to January, 1963 the costs of providing the benefits under the plans were not included as taxable premiums in petitioner's tax returns under section 187 of the Tax Law since both the Insurance Department and Department of Taxation and Finance of New York State had regarded such costs as nontaxable. However, on February 17, 1960 the Attorney-General of New York State issued an opinion which held that the

costs of providing insurance benefits for its employees by a domestic insurance company should be included in the amount of premiums taxed under section 187. (1960 Opns. Atty. Gen. 68.) As a result of the Attorney-General's opinion, the State Tax Commission in 1963 ruled that the costs of providing benefits under petitioner's plans must be included in the amount of premiums subject to tax. The main issue on this appeal is whether such costs are properly taxable as premiums under the provisions of section 187.

Subdivision 2 of section 187 of the Tax Law provides, in part, as follows: "Every domestic life insurance corporation * * * shall, for the privilege of exercising corporate franchises or for carrying on business in a corporate or organized capacity within this state * * * pay a tax on all gross direct premiums, less return premiums thereon, received in cash or otherwise on risks resident in this state, and the rate of such tax shall be, in the case of domestic corporations, one and three-fourths per centum * * *. The term ' premiums ', as used in this subdivision, shall include all amounts received as consideration for insurance contracts, other than as consideration received for annuity contracts."

Since the parties have stipulated that petitioner's plans for benefits constitute insurance contracts, should not the costs for such contracts become premiums within the meaning of the Tax Law? Subdivision 4 (formerly subd. 5) of section 187 of the Tax Law provides, in part, as follows: "In ascertaining the amount of direct premiums upon which a tax is payable under this section there shall be first determined the amount of total gross premiums * * * on all policies * * * executed, issued or delivered on property or risks located or resident in this state ".

Subdivision 1 of section 550 of the Insurance Law defines the term " premium " as follows: " ' Premium ' includes all amounts received as consideration for insurance contracts or reinsurance contracts, other than for annuity contracts, and shall include premium deposits, assessments, policy fees, membership fees, and every other compensation for such contract."

Since the provisions of the Tax Law and the Insurance Law both deal with the general term " premium ", they are *in pari materia* and must be read together and applied harmoniously and consistently. (*Matter of Guardian Life Ins. Co. of Amer.* v. *Chapman,* 302 N. Y. 226.)

In *Matter of Inter-County Tit. Guar. & Mtge. Co.* v. *State Tax Comm.* (28 N Y 2d 179, 184) the court stated: " Thus, sec-

tion 187 of the Tax Law mandates a tax on premiums and section 550 (subd. 1) of the Insurance Law includes in its definition of the term, ' premium ', every kind of compensation received as consideration for insurance contracts.''

Petitioner, by acting as a self-insurer, has created an insurance contract with an identifiable annual cost and that cost is equivalent to a premium that would be paid for the same benefits if provided through an insurance contract with another insurance company.

The contributions made by petitioner's employees and field underwriters are paid premiums by them in the first place, and the costs borne by petitioner under its contractual obligation are '' compensation received as consideration '' for the insurance contract and are subject to the franchise tax on direct premiums.

Petitioner contends that the long history of excluding the costs of the employee benefit plans from the premium base for computation of the tax under section 187 precludes the tax commission from a new interpretation of the application of the statute absent legislative or judicial justification to support the change. The same argument was advanced in *Matter of Inter-County Tit. Guar. & Mtge. Co.* v. *State Tax Comm.* (*supra*) and found to be without merit.

The determination of the State Tax Commission should be confirmed.

HERLIHY, P. J., GREENBLOTT, COOKE and SIMONS, JJ., concur.

Determination confirmed, with costs.